UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHOUDRY M. HUSSAIN,                                :
Individually and on behalf of a class,             :
                                                   :
                Plaintiff,                         :
                                                   :
        vs.                                        : Case No: 1:17-cv-3571
                                                   :
ALLTRAN FINANCIAL, LP, and                         :
URS MANAGEMENT, LLC,                               :
                                                   :
                Defendants.                        :
------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Alltran Financial, LP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Also sued is the general partner of Alltran Financial, LP, which is URS Management, LLC.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

8. Venue and personal jurisdiction over defendant in this District is proper because defendants' collection activities impacted plaintiff here and because defendants transact business in this District.

## PARTIES

9. Plaintiff, Choudry M. Hussain, is an individual resident of Brooklyn, New York.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendants sought to collect from plaintiff is a consumer debt.

11. Defendant, Alltran Financial, LP, is a limited partnership entity created under the law of Texas with principal offices at 5800 North Course Drive, Houston, Texas 77072.  It does

business in New York. Its registered agent and office is CT Corporation System 111 Eighth Ave., New York, NY 10011.

12. Defendant, Alltran Financial, LP, is regularly engaged in the collection of debts allegedly owed by consumers, and uses the mails and telephone system for that purpose. It has a web site on which it states, "For over 39 years we have been one of the most trusted and innovative business partners in the financial services Accounts Receivable Management industry." (http://alltran.com/industries/financial/)

13. Defendant, Alltran Financial, LP, is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

14. Defendant URS Management, LLC is a limited liability company organized under Texas law with offices at 5800 North Course Drive, Houston, TX 77072. Its registered agent and office is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. It is the general partner of Alltran Financial, LP, whose acts are therefore attributed to it.

### FACTS

15. On or about August 31, 2016, defendant Alltran Financial, LP, sent plaintiff the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

16. Exhibit A sought to collect a credit card debt incurred for personal, family or household purposes and not for business purposes.

17. Exhibit A was the initial letter defendant Alltran Financial, LP, sent to plaintiff concerning the debt described therein.

18. Exhibit A is a form letter used by defendant Alltran Financial, LP as the initial letter it sends to a consumer concerning a debt. It has bar coded addresses and return addresses,

which are indicative of a mass mailing (the Postal Service offers discounts if large numbers of similar letters are provided with such coding). On information and belief, it is filled out in a standardized manner.

19. Exhibit A states that the amount given is the "current amount due," implying that the balance may increase. *Chuway v. National Action Financial Services*, 362 F.3d 944 (7th Cir. 2004) (letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided).

20. The letter does not clearly state either that the amount will or will not increase. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016).

21. The letter states that no interest or fees have been added post charge-off, but the period of time that has elapsed since charge-off is not stated, confusing the unsophisticated consumer as to whether interest or fees will be added in the future.

22. While many debt collection letters state a "current balance" or "amount owed" in the caption or even the body of the letter, they do not go out of their way to state that the amount owed is as of a specific date because that would imply the potential of a different balance on a different date.

23. Defendant's statement is materially false and misleading in that it can be interpreted in a number of ways, one of which is incorrect.

24. The collection letter causes the least sophisticated consumer uncertainty and forces him or her to guess how much money is allegedly owed, how much money would accrue daily, how much money would be owed of the amount initially demanded was paid and if or

when collection efforts would end if the entire payment demanded was remitted.

## COUNT I – FDCPA

25. Plaintiff incorporates paragraphs 1-24.

26. <u>Exhibit A</u> violates 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692g, and 1692g(a)(1) by failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

27. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

28. Section 1692e provides:

> **§1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; or**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .**

29. Section 1692g(a)(1) requires disclosure of "The amount of the debt."

## CLASS ALLEGATIONS

30. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

31. The class consists of (a) all natural persons (b) with New York addresses (c) who

were sent a letter seeking to collect a debt (d) in the form of Exhibit A (e) which includes the language "Current Amount Due" and (f) has a "Current Amount Due" that is the same as the "Total of debt due at charge-off" (g) which letter was sent on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

32. On information and belief, based on the use of a form letter, there are more than 40 persons who were sent such letters, and the class is so numerous that joinder is impracticable.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

34. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      i. A declaration that defendants' letter violates the FDCPA.

      ii. Statutory damages;

      iii. Attorney's fees, litigation expenses and costs of suit;

      iv. Such other and further relief which this court deems just and proper.

                                            s/Tiffany N. Hardy
                                            Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com


Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                              s/Tiffany N. Hardy
                              Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\34039\Pleading\Complaint_Pleading.WPD