UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
CHOUDRY M. HUSSAIN, individually and on :
behalf of all others similarly situated, :
: 17-cv-3571-ARR-CP
Plaintiff, :
: NOT FOR PRINT OR
-against- : ELECTRONIC PUBLICATION
:
ALLTRAN FINANCIAL, LP, and URS : **OPINION & ORDER**
MANAGEMENT, LLC, :
:
Defendants. :
X
-------------------------------------------------------------------

ROSS, United States District Judge:

Plaintiff Choudry Hussain brings this suit against Alltran Financial, LP (a debt collector) and URS Management, LLC (its general partner). Plaintiff alleges that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. by sending him a false and misleading debt collection letter. Defendants have moved to dismiss the complaint on the ground that plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, defendants' motion to dismiss is granted.

## BACKGROUND

In August 2016, Alltran mailed plaintiff a form debt collection letter regarding his charged-off consumer credit card debt. Compl. ¶¶ 15-16, ECF No. 1; Compl., Ex. A, ECF No. 1-1 ("Collection Letter"). The letter lists the "current amount due" and "[t]otal of debt due at charge-off" as $834.16. Compl. ¶ 19; Collection Letter. It lists the "[t]otal of interest post charge-off" and "[t]otal of non interest fees post charge-off" as $0.00. Compl. ¶ 21; Collection Letter. It does not, however, indicate how much time passed since charge off or whether interest might accrue in the future. Compl. ¶¶ 20-21.

1

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, a debt collector may not falsely represent "the character, amount, or legal status of any debt." Id. § 1692e(2). Nor may a debt collector "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. § 1692e(10). Whether a collection letter violates § 1692e is judged by the objective "least sophisticated consumer" standard. Avila v. Reixinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). This test "ask[s] how the least sophisticated consumer— 'one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer'—would understand the collection notice." Avila, 817 F.3d at 75 (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" Id. (quoting Clomon, 988 F.2d at 1319).

Plaintiff alleges that the collection letter is misleading under § 1692e. Because the letter does not state whether any interest is accruing, plaintiff argues, the least sophisticated consumer would be confused as to whether "interest or fees will be added." Compl. ¶ 21. This confusion is compounded by the fact that the letter lists the "current amount due," which suggests that the balance may increase in the future. Id. ¶ 19. According to plaintiff, defendants' letter "is materially false and misleading" because "it can be interpreted in a number of ways, one of which is incorrect." Id. ¶ 23. The least sophisticated consumer would be forced "to guess how much money is allegedly owed, how much money would accrue daily, how much money would be owed [if] the amount initially demanded was paid[,] and if or when collection efforts would end if the entire payment demanded was remitted." Id. ¶ 24. Plaintiff contends—on the same reasoning—that the collection letter fails to state "the amount

2

of the debt" as required by § 1692g(a)(1), because it did not make him certain whether fees or interest might be due in the future. See id. ¶¶ 26, 29.

Defendants have moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss 2-3, ECF No. 19-1. They argue that, when a loan is not accruing interest or fees, a debt collector is not required to expressly say so in their collection letter. Id. at 5-9. According to defendants, the debt at issue here was not accruing interest or fees, id. at 3-4, nor does plaintiff allege otherwise in his complaint.

## DISCUSSION

### A. Rule 12(b)(6) Standard

On a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013). Thus in deciding defendants' motion to dismiss, the court must accept the facts alleged in plaintiff's amended complaint as true. The complaint's allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only "a plausible claim for relief survives a motion to dismiss." LaFaro v. N.Y. Cardiothoracic Grp., 570 F.3d 471, 476 (2d Cir. 2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555)).

### B. False or Deceptive Practices Under 15 U.S.C. § 1692e

Because plaintiff has failed to allege a false or deceptive debt collection practice, his claim under § 1692e must be dismissed.

The Second Circuit held in Avila that a collection letter must disclose that a debt is accruing interest—if such interest is actually accruing. 817 F.3d at 76-77. After Avila, however, there was some disagreement in the lower courts as to whether a debt collector must expressly state when interest is

3

not accruing.  The Second Circuit ruled on this issue last month in Taylor v. Fin. Recovery Servs., Inc., No. 17-1650-cv, 2018 WL 1526057 (Mar. 29, 2018).  In that case, the Second Circuit clarified "that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." Id. at *2; see also id. at *3 ("[F]ailing to disclose that a debt is static is not misleading within the meaning of Section 1692e.").  This is largely because a reasonable consumer is likely to assume that paying the amount listed on a debt collection letter will satisfy his debt.  See id. at *2 (distinguishing Avila).  While this poses a serious risk of harm to the consumer in an Avila situation (where interest is accruing), it poses little risk to the consumer in a Taylor situation (where interest is not accruing).  Id.  The Avila consumer might end up accruing significant interest even after he believes he has paid off his debt.  Id.  But the worst that might befall the Taylor consumer is that he wrongly believes "that there is a financial benefit to making repayment sooner rather than later.  This supposed harm falls short of the obvious danger facing consumers in Avila." Id.  In addition, as the Second Circuit noted, "requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive . . . to continue accruing interest or fees on debts when they might not otherwise do so." Id.

Taking the facts in the complaint as true, as I must at the motion to dismiss stage, the collection letter at issue here does not violate the FDCPA.  Plaintiff does not allege that the debt is accruing interest—a failure which is fatal to his claim.  In the pre-motion conference I held in this case, I identified this as an issue and gave plaintiff an opportunity to amend his complaint.  See Sept. 11, 2017 Minute Entry, ECF No. 18.  He did not take this opportunity.  In plaintiff's opposition to defendants' motion, he does make what might be an oblique assertion that his debt is accruing interest.  Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss 2, ECF No. 21 ("Pl.'s Opp'n").  He states that the Avila "[c]ourt noted[] that if the debt was accruing interest or fees (*as here*), payment of the 'current balance' would not result in payment in full." Id. (emphasis added).  It is unclear whether the "as here"

4

language is paraphrasing the Avila court's reasoning or is suggesting that the debt in the present case is accruing interest. The complaint, however, resolves this ambiguity, as it does not in any way allege that plaintiff's debt is accruing interest. Plaintiff's only other gesture towards making the necessary allegation is his statement that the debt at issue is credit card debt, Compl. ¶ 16, and that "credit card debts normally continue to accrue interest," Pl.'s Opp'n 6. In sum, plaintiff has not alleged that interest is actually accruing on his debt. His claim under § 1692e must therefore be dismissed.

### C. Failure to State Amount of Debt Under 15 U.S.C. § 1692g

Plaintiff's claim under § 1692g must be dismissed as well. That section of the FDCPA requires that a collection letter state "the amount of the debt." 15 U.S.C. § 1692g(a)(1). As the Second Circuit observed in Taylor, § 1692e and § 1692g should be understood "in harmony." 2018 WL 1526057, at *3. If a collection letter states the correct balance of a static debt, "then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." Id. Taking as true the facts alleged in plaintiff's complaint, these conditions—the statement of the correct balance and the static debt—have been met. Plaintiff's § 1692g claim must therefore be dismissed.

## CONCLUSION

For the reasons discussed above, plaintiff's complaint is dismissed with prejudice. As plaintiff has already declined an opportunity to amend his complaint with regard to the noted deficiency, granting him leave to amend would be futile. See Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile.").

So ordered.

Date: April 4, 2018                                                          s/ Allyne R. Ross
      Brooklyn                                                            Allyne R. Ross
                                                                      United States District Judge